**Essie D. SUMMERS d/b/a Grandville Lounge, Inc., Appellant,**

v.

**William H. WEBER, Acting Excise Commissioner, City of St. Louis, Respondent.**

No. 41594.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 8, 1980.

Lee & O'Hanlon, St. Louis, for appellant.

John J. Morton, Asst. City Counselor, St. Louis, for respondent.

JAMES D. CLEMENS, Senior Judge.

Appellant Essie D. Summers, hereafter "applicant", appeals the circuit court judgment affirming the St. Louis Excise Commissioner's denial of her application for a Sunday liquor license.

The issue is whether the applicant met the ordinance requirement to show that sales of food at her "restaurant bar" were at least 50% of her gross receipts. Respondent considered oral and documentary evidence and concluded the applicant had failed to meet that requirement. The circuit court affirmed.

The applicant supported her license application by a profit and loss statement prepared by her bookkeeping service for the ten months in question. It showed food sales of $41,160 and liquor and beer *sales* of $41,439. But it also showed liquor and beer *purchases* of $66,506. The applicant testified her liquor and beer inventory, both at the beginning and end of the period was fairly close to $13,000. So accepting this testimony the excise commissioner concluded applicant was contending she bought $66,506 worth of liquor and beer at wholesale and sold it for $41,439 at retail. He found the applicant had inaccurately reported the total amount of her liquor and beer sales, that the correct amount of such sales far exceeded the amount of food sales, thereby disqualifying her for a Sunday liquor and beer license.

We have considered the testimony of applicant's expert witness, a certified public accountant. He opined applicant's records showed food sales exceeded liquor and beer sales, but based his opinion on the assumed verity of applicant's records. He gave no substantial explanation of the excess of applicant's purchases over her sales. In any

event, we construe the testimony in the light of the commissioner's findings which declined to accept the accountant's opinion. For a discussion of this principle of administrative review see *Meredith v. Board of Education of Rockwood R–6 School District*, 513 S.W.2d 740 [1–5] (Mo.App.1974).

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.